[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT
The plaintiff instituted the present action seeking to recover damages for personal injuries as a result of a collision involving a bus, in which the plaintiff was a passenger, and a motor vehicle. The owner and the operator of the bus instituted a complaint seeking apportionment of damages pursuant to General Statute § 52-472h against an unknown driver denominated "John Doe". The action against John Doe was instituted by virtue of an order of notice for publication in New Haven Register. The plaintiff has now moved to strike the apportionment complaint asserting, inter alia, that an unknown defendant cannot be made a party for apportionment purposes.
The defendants assert that the policy behind General Statutes § 52-572h is that the defendants should be liable only for their proportionate share of the liability and that the striking of the apportionment complaint would frustrate that purpose. See Gallagher-Crespo v. Storz, 14 Conn. L. Rptr. No. 2, 64 (May 29, 1995) (Fracasse, J.).
The legislative history with respect to General Statutes § 52-572h involving Tort Reform I, which permitted apportionment of negligence with respect to each person whose negligent actions were a proximate cause, and Tort Reform II which restricted apportionment to "parties", is set forth in Donner v. Kearse,234 Conn. 660, 666-672 (1995), where the court noted, at 669, that the enactment of Tort Reform II intended to limit the apportionment of negligence to "only particular, identifiable persons".
In general, there is no authority to proceed, in an in personam action, against unknown persons in the absence of a statute permitting such an action. See Cuomo v. Yale-New Haven Hospital,7 Conn. L. Rptr. 159 (1992) (Gordon, J.); Connecticut Resources RecoveryAuthority v. Refuse Gardens, Inc., 6 Conn. L. Rptr. No. 221 (1992) (Shaller, J.).
Public Act 95-111, effective July 1, 1995, pursuant to § 1(f), provides: "The exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h
of the General Statutes for a proportionate share of the CT Page 3740 plaintiff's damages as a party to the action" section 1a of that act Provides:
 "A defendant in any civil action to which section 52-572h of the General Statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within 120 days of the return day specified in the plaintiff's original complaint." (Emphasis supplied).
Publication of a notice in the New Haven Register does not comply with the service of process envisioned under Public Act 95-111. See DeLaurentis v. Gervais, 15 Conn. L. Rptr. No. 8, 253 (November 27, 1995) (Fazzano, J.).
Accordingly, the Motion to Strike the apportionment Complaint is granted.
Rush, J.